

# THE ATTORNEY GENERAL
# OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 6, 1949

Hon. William J. Murray, Jr., Chairman
Railroad Commission of Texas
Austin, Texas

Attention: Mr. S. C. McIntosh

Dear Mr. Murray:　　　　　Opinion No. V-875

　　　　　　　　　　　　Re: Several questions relative
　　　　　　　　　　　　　　to the provisions of S. B.
　　　　　　　　　　　　　　481, 51st Legislature.

　　　　You recently requested the opinion of the Attorney
General as to whether or not the Railroad Commission can ac-
cept a bond, or bonds, in lieu of the insurance policies re-
quired by the provisions of the second paragraph of Section
11, Article 6053, V.C.S., as amended by S. B. 481, 51st Leg-
islature. By letter dated July 27th, you requested our opinion
on several other questions relative to the provisions of S.B.
481, as follows:

　　　　"The request forwarded to you on July 14,
　　for an opinion regarding S. B. 481, amending
　　Section 11 of Chapter 358, Acts of the 49th
　　Legislature, did not include three points on
　　which we now desire your consideration and
　　opinion.

　　　　　　1. S. B. 481 sets out that Manufacturer's
　　　　and Contractor's Liability is one of the
　　　　policies which a licensee shall carry.
　　　　The Manufacturer's and Contractors liabil-
　　　　ity policy form, which has been approved
　　　　by the Board of Insurance Commissioners,
　　　　under Definition of Hazards show five di-
　　　　visions as follows:

　　　　　　　　　1. Premises
　　　　　　　　　2. Elevators
　　　　　　　　　3. Independent Contractors
　　　　　　　　　4. Products
　　　　　　　　　5. Contractual

　　"Obviously a L. P. Gas licensee's opera-

tions would not embrace all of the hazards above mentioned. However, since S. B. 481 does not exclude any of the named hazards, and since a licensee in making an installation of a L. P. Gas container and/or L. P. Gas piping system, which if carelessly, negligently or improperly installed, may be the cause of an accident after the licensee's workmen have completed the installation and left the customer's premises, is it mandatory on the Railroad Commission to require the filing of evidence of Products Liability coverage?

2. The licensed manufacturer of L. P. Gases or L. P. Gas containers, or L. P. Gas equipment has heretofore been required to carry Products Liability insurance. Under the provisions of S. B. 481, is it mandatory on the Commission to require the filing of Products Liability by such manufacturers?

3. S. B. 256, amending Subsections 6, 7, 8, and 10 of Section 1 of S. B. 269, Chapter 358, in Section 7, Par. (b), created a Limited License wherein licensees are authorized to service and/or repair, and/or connect and/or adjust ranges and/or cooking appliances, and/or space heaters, floor furnaces and water heaters excepted.

"Under the provisions of S. B. 481, what insurance may the Commission legally require such limited licensees to carry?"

Senate Bill No. 481, 51st Legislature, amending Section 11, Article 6053, V. C. S., reads as follows:

"No license shall be issued pursuant to this section unless such licensee shall first file with the Commission a surety bond in the sum of Two Thousand ($2,000.00) Dollars with a bonding company authorized to do business in Texas. All such bonds shall provide that the obligator therein will indemnify and pay the State of Texas, to the extent of the face amount thereof, all judgments which may be recovered in the name of the State of Texas against such licensee, during the term of such bond and proximately caused by any violation,

by said licensee, of the terms of this Act or any orders or rules promulgated by the Railroad Commission as authorized by this Act.

"In addition to the bond herein required, such licensee shall be obligated to procure from some reliable insurance carrier qualified to do business in the State of Texas, and keep same in force so long as they shall continue in business, policies of insurance in the following kinds and amounts, said policies to guarantee payment of damages which proximately result from acts of negligence, while said licensee is engaging in any of the activities as herein provided:

"1.  A public liability and property damage insurance policy on each and every motor vehicle, including trailers designed for use therewith on highways, used in the transportation of liquefied petroleum gases, of Five Thousand ($5,000.00) Dollars for bodily injuries to any one person, or a total of Ten Thousand ($10,000.00) Dollars for bodily injuries for any one accident involving two or more persons, and property damage for any one accident of Five Thousand ($5,000.00) Dollars.

"2.  A manufacturers and contractors liability policy of Five Thousand ($5,000.00) Dollars for any one person, and not to exceed Ten Thousand ($10,000.00) Dollars for any one accident in which two or more persons are injured, and of Five Thousand ($5,000.00) Dollars total property damage for any one accident.

"3.  A workmen's compensation or employers' liability policy.

"Provided, however, that this section shall not be applicable unless and until such policies are available for purchase; and further provided, that such policies of insurance shall be approved by the Railroad Commission of Texas.  Provided further, however, that nothing in this Act shall prevent or prohibit such licensee from purchasing policies of insurance of a greater coverage than the amounts specified herein."

We shall answer your questions in the order submitted.

1.  Can the Railroad Commission accept
a bond or bonds in lieu of the insurance policies required by the second paragraph of
Section 11, Article 6053, V.C.S., as amended
by S. B. 481, 51st Legislature?

S. B. No. 481, quoted above, provides that licensees under Article 6053 shall be obligated to procure from some reliable insurance carrier specified policies of insurance. No provision is made in said bill for such licensees to procure a bond or bonds in lieu of the specified insurance policies.  The bill is clear and unambiguous and not, therefore, subject to construction.  39 Tex. Jur. 161, Statutes, Section 88.

We cannot by departmental construction amend the bill so as to allow licensees to procure bonds in lieu of insurance policies.  The very purpose of S. B. 481, as evidenced by the title thereof, is to "clarify and specify the kind and amounts of insurance coverage to be carried by every licensee."  To amend the bill by departmental construction so as to allow bond coverage in lieu of insurance would defeat the express purpose of the Legislature in enacting the bill.

You are accordingly advised that the Railroad Commission cannot accept a bond or bonds in lieu of the insurance policies required by the provisions of the second paragraph of Section 11, Article 6053, as amended by S. B. 481, 51st Legislature.

2.  Since the licensee in making an installation of a liquefied petroleum gas container and/or liquefied petroleum gas piping system, which if carelessly, negligently, or improperly installed, may be the cause of an accident after the licensee's workmen have completed the installation and left the customer's premises, is it mandatory for the Railroad Commission to require the filing of evidence of products liability coverage?

The second paragraph of S. B. 481 provides in part:

"....such licensee shall be obligated to procure ... policies of insurance in the following kinds and amounts, said policies to guarantee payment of damages which proximately result from

acts of negligence, while said licensee is en-
gaging in any of the activities as herein pro-
vided......" (Underscoring ours)

The installation of liquefied petroleum gas containers
and/or piping system are activities provided for in Article
6053. (Section 7 (a), Article 6053, as amended by S. B. 256,
Acts of 51st Legislature, 1949, Chapter 220, p. 411.) Pro-
ducts liability coverage would cover damages arising from ac-
cidents occurring after the insured has completed installa-
tion and left the customer's premises. It cannot be disputed
that accidents can and do occur after completion of installa-
tion and after the licensee has left the premises, causing
damages which proximately result from acts of negligence com-
mitted by the licensee while he was engaged in installing the
equipment and/or piping system. In fact, it would be safe to
say that a great portion of all damages which proximately re-
sult from acts of negligence while the licensee is engaged in
installing the equipment and/or piping system will arise from
accidents occurring after the licensee has left the premises
of the customer.

S. B. 481 obligates licensees to procure only three
policies of insurance. Those are: (1) public liability and
property damage on motor vehicles used in the transportation
of liquefied petroleum gases; (2) a manufacturer's and con-
tractor's liability policy; and (3) a Workmen's Compensation
or Employer's liability policy. Clearly, the public liabil-
ity and property damage policy on automobiles used in the
transportation of liquefied petroleum gases, and Workmen's
Compensation or employer's liability policy, do not provide
products liability coverage. You state in your letter and
have furnished evidence that the Board of Insurance Commis-
sioners have approved a manufacturer's and contractor's lia-
bility policy which includes products liability coverage.
If such a manufacturer's and contractor's liability policy
is in fact available for purchase, it is the duty of the
Railroad Commission to require licensees to procure such a
policy. The products liability coverage contained therein
is necessary in order to guarantee payment of damages which
proximately result from acts of negligence, while the licensee
is engaging in an activity provided for in Article 6053.

You are accordingly advised that the Railroad Commis-
sion should not approve a manufacturer's and contractor's lia-
bility policy from licensees engaged in installing liquefied
petroleum gas containers and piping systems which does not pro-
vide products liability coverage, if such policy is available
for purchase.

3. Is it mandatory for the Railroad Commission to require the filing of evidence of products liability coverage by manufacturer's of liquefied petroleum gases or liquefied petroleum gas containers or liquefied petroleum gas equipment?

The manufacture of liquefied petroleum gases is not an activity provided for in Article 6053. Accordingly, such manufacturers are not required to procure products liability coverage which would cover damages arising from an accident occurring after the gases had passed into the possession of a customer, which proximately resulted from negligence of the manufacturer while manufacturing the gases.

However, the manufacture of liquefied petroleum gas containers and equipment is an activity provided for in Article 6053 (Section 7 (a), Article 6053, as amended by Senate Bill 256, Acts 51st Legislature, 1949, Chapter 220, page 441). Section 11 thereof requires such manufacturers to provide coverage for damages proximately resulting from an act of negligence, while engaged in an activity provided for in Article 6053. Manufacturers of liquefied petroleum gas containers and equipment must, therefore, procure a manufacturers and products liability policy which provides products liability coverage.

We invite your attention to the fact that Section 6 of Article 6053, V.C.S., as amended by S. B. 256, Acts 51st Legislature, 1949, Chapter 220, page 411, provides as follows:

"(b). Nothing contained in this Act shall apply to the sale in the ordinary course of business of any part or any appliance which may be employed for uses other than as an integral part of a liquefied gas system when the seller does not service, make repairs or permanent connection to any such liquefied gas system, as long as said appliance or container is approved under the standards set by the Railroad Commission of Texas. Nor shall this Act apply to containers used in accordance with and subject to the regulation of the Interstate Commerce Commission, and containers which are owned and used by the Federal Government."

Those engaged solely in the activities provided in this section would not be required to secure a license from the Railroad Commission and would not, therefore, be required to comply with Section 11.

4. S.B. 256, Acts 51st Legislature, 1949, Ch. 220, p. 411, amended Article 6053, V.C.S., so as to authorize the Railroad Commission to issue a limited license. Under the provisions of S. B. 481, what insurance may the Commission legally require such limited licensees to carry?

S. B. 256, Acts 51st Legislature, 1949, Ch. 220, p. 411, amended Article 6053 by adding thereto Section 7(b), which reads as follows:

"(b). There is hereby created a limited license under the provisions of this Act, wherein persons, firms, corporations or associations are authorized to service and/or repair and/or connect and/or adjust ranges and/or cooking appliances, and/or space heaters, floor furnaces and water heaters excepted, when done with approved liquefied petroleum gas connectors, and when connected to existing piping outlets of approved liquefied petroleum gas facilities, and when such appliances as specified herein meet the requirements of the Railroad Commission of Texas for use with liquefied petroleum gas as a fuel.

"Persons, firms, corporations or associations qualifying under the provisions of the limited license provided for herein, shall apply to the Railroad Commission of Texas for a license so to do, such application to be in writing, and shall contain such information as the Railroad Commission shall prescribe. No such license shall be issued until the Commission has determined that the applicant has made good and sufficient proof that he can and will meet all safety requirements provided in this Act and by the rules and regulations of the Railroad Commission, and the Commission finds that such applicant is qualified and the evidence adduced justifies issuance of such limited license."

Such limited licensees are licensed under the provisions of Article 6053 and are therefore required to carry the policies of insurance set forth in Section 11 of said Article, as amended by S. B. 481, 51st Legislature, that are applicable to their activities. You are accordingly advised that such limited licensees must procure the insurance policies which are applicable to the service to be performed by them. As limited licensees will not be transporting liquefied petroleum gases, they will not be required to obtain the public liability

and property damage insurance policy on motor vehicles. However, it is readily seen that the manufacturer's and contractor's liability policy and Workmen's Compensation or Employer's Liability policy will be applicable to such licensees and must be procured by them.

## SUMMARY

The Railroad Commission has no authority to accept bonds in lieu of the insurance policies required by the provisions of the second paragraph of Section 11, Article 6053, V.C.S., as amended by S. B. 481, 51st Legislature.

Licensees engaged in business of manufacturing liquefied petroleum containers and equipment, and licenseees engaged in the installation of such containers and equipment must procure a manufacturer's and contractor's liability policy which provides products liability coverage, if such policy is available for purchase.

Limited licensees under the provision of Section 7(b), Article 6053, V.C.S., as amended by S. B. 256, Acts 51st Legislature, 1949, ch. 220, p. 441, must procure the insurance policies provided for in Section 11, Article 6053, as amended, which are applicable to the activities engaged in by them.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Durward M. Goolsby
Durward M. Goolsby
Assistant

DMG:db:wc


APPROVED:
s/Joe R. Greenhill
FIRST ASST. ATTORNEY GENERAL